**NOT FOR PUBLICATION**

JAN 27 2016

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAROLD L. ARMSTRONG, Sr., | No. 13-16806 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-02037-LKK-CKD |
| v. | |
| R. BARNES, Warden, High Desert State Prison; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Submitted January 20, 2016[**]

Before: CANBY, TASHIMA, and NGUYEN, Circuit Judges.

California state prisoner Harold L. Armstrong, Sr., appeals pro se from the

district court's judgment dismissing his action brought under 42 U.S.C. § 1983 and

the Americans with Disabilities Act ("ADA") alleging deliberate indifference to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

his serious medical needs and disability discrimination. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A), and we affirm.

The district court properly dismissed Armstrong's Eighth Amendment deliberate indifference claim because Armstrong failed to allege facts sufficient to show that any defendant disregarded an excessive risk to Armstrong's health. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-58 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to an inmate's health; neither a prisoner's difference of opinion concerning the course of treatment nor mere negligence in treating a medical condition amounts to deliberate indifference).

The district court properly dismissed Armstrong's claim that prison officials violated the ADA because Armstrong failed to allege facts sufficient to show that prison officials discriminated against him because of a disability. *See Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability.").

The district court did not abuse its discretion in denying Armstrong's requests for appointment of counsel because Armstrong failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir.

2

2009) (setting forth standard of review and "exceptional circumstances" requirement).

**AFFIRMED.**